## STATE v. INDIAN ROYALTY CO. INDIAN ROYALTY CO. v. STATE.

Nos. 24616, 24637. April 28, 1936.

Rehearing Denied June 16, 1936.

James K. Eaton, Co. Atty., and Monnet & Savage, for plaintiff in error.

Stanley B. Catlett and Floyd C. Dooley, for defendant in error.

Mac Q. Williamson, Atty. Gen., Randell S. Cobb, Asst. Atty. Gen., C. D. Cund, and C. W. King (Frank B. Appleman, of counsel), for Tax Commission.

Edward H. Chandler, Summers Hardy, and Hayes, Richardson, Shartel, Gilliland & Jordan, amici curiae.

GIBSON, J. The principal question presented here is whether the payment of gross production tax on oil produced and run into pipe lines in the month of December operates to relieve from ad valorem assessment on the following January first the sums due the producer on account of such oil.

Upon a trial of the cause in the county court of Okmulgee county it was the judgment of the court that said sums constituted accounts receivable belonging to the taxpayer on assessment day, and ordered the same assessed in the manner provided for the assessment of money. Sections 12339, 12340, O. S. 1931. From this judgment both the state and the taxpayer have appealed.

Defendant's contention is that these so-called accounts receivable were not in fact accounts receivable, but merely represented investments and rights of defendant in certain oil and gas leasehold estates upon which the gross production tax was paid according to law and which was in lieu of all other taxes. Section 12434, O. S. 1931.

This court in numerous decisions has said that the gross production tax on minerals, as provided in section 12434, O. S. 1931, is a property tax, and that the section was designed for the purpose of providing a more efficient and expeditious method of levying and collecting a property tax upon the minerals, the property used in connection with the production thereof, the leasehold estate, and all interests inherent in the right to said minerals. In proceedings for the assess-

ment of omitted property where the gross production statute is involved, the question of tax exemption is not present; the court in such case is required to determine whether the property in question is included in the statute. In re Sinclair-Prairie Oil Co., 175 Okla. 289, 53 P. (2d) 221. If included in the statute, it is taxed according to the provisions thereof and is not subject to assessment under the general laws applying to ad valorem taxation.

Section 12434, O. S. 1931, provides in part as follows:

"* * * The payment of the taxes herein imposed shall be in full and in lieu of all taxes by the state, counties, cities, towns, townships, school districts and other municipalities upon any property rights attached to or inherent in the right to said minerals, upon leases for the mining of asphalt and ores bearing lead, zinc, jack, gold, silver or copper or for petroleum or other crude oil or other mineral oil or for natural gas upon the mining rights and privileges for the minerals aforesaid belonging or appertaining to land, upon the machinery, appliances and equipment used in and around any well producing petroleum or other crude or mineral oil or natural gas, or any mine producing asphalt, or any of the mineral ores aforesaid and actually used in the operation of such well or mine; and also upon the oil, gas, asphalt or ores bearing minerals hereinbefore mentioned during the tax year in which the same is produced, and upon any investment in any of the leases, rights, privileges, minerals or property hereinbefore in this paragraph mentioned or described; but any interest in the land other than that herein enumerated, and oil in storage, asphalt, and ores bearing the minerals hereinbefore named, mined, produced and on hand at the date as of. which property is assessed for general and ad valorem taxation for any subsequent tax year shall be assessed and taxed as other property within the taxing district in which such property is situated at the time."

From an examination of the entire section, as was stated in Re Skelton Lead & Zinc Company's Gross Production Tax, 81 Okla. 134, 197 P. 495, "It is clear that the Legislature had no other object than to levy a property tax upon mining property according to its fair cash value, using the measure therein adopted for ascertaining such value. * * *" We find there a further statement of the court, as follows:

"In deciding this question, we bear in mind that the tax in question is not levied upon the mine products themselves, but, as we interpret the statute, is levied upon the entire property, mills, plants, machinery, equipment, etc., 'as a going concern,' the value of which as a going concern and the reasonableness of the rate upon which is to be ascertained by the gross value of the products."

From the foregoing statement, and from other interpretations placed upon the statute by this court, it becomes clear that the Legislature by this act intended to remove entirely the mining and oil producing business from the operation of the ad valorem tax laws of the state, and to substitute therefor a wholly different system of taxation. Meriwether v. Lovett, 166 Okla. 73, 26 P. (2d) 200; Carpenter v. Shaw, 134 Okla. 29, 272 P. 393, 400. In the latter case the court, after referring to In re Skelton Lead & Zinc Co.'s Gross Production Tax, supra, makes the following statement:

"Thus it appears that the gross production tax is a property tax assessed upon producers of minerals as going concerns and based upon 3 per cent. of the gross proceeds after and when the subject of the tax is produced. Likewise everything incident to the lessee's production is taxed on a basis of 3 per cent. of the oil and gas produced and everything incident to the lessor's royalty rights in the production is assessed upon a 3 per cent. basis of his share of the oil and gas so reduced to possession."

The property used in the production of oil and gas, and used in the operation and conduct of such business as a "going concern," has no place in the ad valorem plan of taxation. Classes of property falling within the definitions of the statute, while being used as therein provided, are not the subject of assessment for ad valorem taxation as of January 1st. Oil moving in the channels of the business is not assessable for taxation on assessment day. It must come to rest in storage on such day to be subject to ad valorem taxation for the following fiscal year. In re Sinclair-Prairie Oil Company, supra. In other words, the oil is taxable in storage, for it is no longer used in the operation of the business, or moving in the channels thereof.

The so-called accounts receivable in the instant case resulted as a necessary incident to the operation of the business as a going concern. These accounts were assets of defendant on January 1st, but they were not yet removed from the actual conduct of the business. They constituted a portion of the "entire property * * * as a going concern." However, that fact alone will not operate to place the particular property within the operation of the gross production statute. It is, nevertheless, helpful in determining the

intent of the Legislature as to what property was taxable under the statute. Keeping in mind the proposition that the tax is levied upon the entire property as a going concern, we must look to the statute to determine whether the particular property in question was a part of the going concern within the contemplation of the Legislature.

The statute says: "The payment of the tax herein imposed shall be in full and in lieu of all taxes * * * upon any investment in any of the leases, rights, privileges. minerals or property hereinbefore in this paragraph mentioned or described. * * *" It also provides that the tax shall be in lieu of all taxes upon any property rights attached to or inherent in the right to said minerals. These accounts certainly constitute property rights attached to and inherent in the right to the oil. They undoubtedly represent "investments in the mineral." The right to receive payment for the oil is inherent in the right of ownership thereof, and is more valuable than any other inherent right. The accounts resulted in due course of operation and conduct of the business. It would seem an unreasonable interpretation of the statute to say that this character of property belonging to the business as a necessary incident thereto as a going concern was not within the contemplation of the Legislature and intended by it to be subject to the tax therein imposed. We think the property here falls well within that class of property upon which the gross production tax is imposed by the statute. Being within the operation of the statute, the accounts were not assessable ad valorem for the year in which the oil they represent was produced, neither were they assessable for the next succeeding tax year while outstanding in due course of business on January 1st.

The gross production tax statute amounts to a classification of property for taxation (Meriwether v. Lovett, supra). It has placed the property here within the class therein described, and it was in that class on January 1st in each of the years involved herein. Its taxable status was fixed as of those dates. Being subject to the gross production tax on those dates, it was not susceptible, on those dates, of being classified for ad valorem assessment for the succeeding fiscal years.

In Re Sinclair-Prairie Oil Co., 175 Okla. 289, 53 P. (2d) 221, we said, in the 4th paragraph of the syllabus:

"Under section 12581, O. S. 1931, the taxable status of property for the purpose of assessment for ad valorem purposes is fixed and determined as of January 1st, and the machinery, appliances, and equipment used in the production of oil and subject to gross production tax on January 1st of any year are not subject to assessment ad valorem for taxes for the succeeding fiscal year."

In view of the foregoing, it becomes unnecessary to consider other points raised by respondent.

The judgment of the trial court ordered certain other property belonging to respondent assessed. That portion of the judgment is not here for review.

The judgment as to the property herein mentioned is reversed and the cause remanded, with directions to dismiss the action as to that property.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, WELCH, PHELPS, and CORN, JJ., concur. RILEY, J., dissents. BAYLESS, J., absent.