Simeon C. CANARY and Josephine N. Canary, Plaintiffs in Error,

v.

OKLAHOMA TAX COMMISSION, Defendant in Error.

No. 37080.

Supreme Court of Oklahoma.

March 20, 1956.

Jay W. Whitney, Rosenstein, Fist & Mesirow, Tulsa, Mastin Geschwind, Oklahoma City, for plaintiffs in error.

R. F. Barry, W. F. Speakman, E. J. Armstrong, Oklahoma City, for defendant in error.

JOHNSON, Chief Justice.

Parties will be referred to as they appeared in the trial court, except that since Mrs. Canary has no interest in the income in controversy, other than that she, with her husband, made a joint income tax return, we shall hereinafter disregard her as an appellant.

The facts germane to the issues are that Simeon C. Canary, as a ⅟₆₄th enrolled Cherokee Indian (citizen), received a tax exempt homestead allotment from which he received income for oil and gas sold therefrom for the years 1949 and 1950, upon which the Oklahoma Tax Commission assessed income tax. The tax was paid under protest pursuant to 68 O.S.1951 § 1475. Thereafter action for recovery of the tax so paid was filed in the District Court of Oklahoma County, Oklahoma, and there the claim for refund was again denied. From the court's order overruling motion for new trial, plaintiffs appeal.

The material contention (for reversal) is that the trial court erred in holding that the income in controversy was not exempt from Oklahoma income tax.

Plaintiff asserts that such contention is based upon, and depends upon, the interpretation of Sec. 13 of the Act of Congress of July 1, 1902, Public No. 241, which provides for the allotment of the lands of the Cherokee Nation, for the disposition of town sites therein, and for other purposes. 32 Stat. 716, 717.

Section 13 provides:

"Each member of said tribe shall, at the time of the selection of his allotment, designate as a homestead out

of said allotment land equal in value to forty acres of the average allotable lands of the Cherokee Nation, as nearly as may be, which shall be inalienable during the lifetime of the allottee, not exceeding twenty-one years from the date of the certificate of allotment. Separate certificate shall issue for said homestead. During the time said homestead is held by the allottee the same shall be nontaxable and shall not be liable for any debt contracted by the owner thereof while so held by him."

And plaintiff argues that under this Law, Sec. 13, the income tax imposed upon the income derived from the sale of oil and gas severed from the tax exempt homestead allotment constituted a tax upon property which was exempt from taxation under federal law, and that under Article 10, Sec. 6 of the Oklahoma Constitution the property was exempt from state taxation because Sec. 6 provides that such property as may be exempt from taxation by reason of federal law shall be exempt from taxation by the state during the force and effect of such federal law.

In support of this contention, plaintiff cites and relies upon the following cases: Carpenter v. Shaw, 134 Okl. 29, 272 P. 393; Heiner v. Colonial Trust Co., 275 U.S. 232, 48 S.Ct. 65, 72 L.Ed. 256; Carpenter v. Shaw, 280 U.S. 363, 50 S.Ct. 121, 74 L.Ed. 478; Choate v. Trapp, 224 U.S. 675, 32 S.Ct. 565, 56 L.Ed. 945; Jones v. Meehan, 175 U.S. 1, 11, 20 S.Ct. 1, 44 L.Ed. 49, 54; Leahy v. State Treasurer of Oklahoma, 297 U.S. 420, 56 S.Ct. 507, 80 L.Ed. 771; and Worcester v. State of Georgia, 6 Pet. 515, 582, 8 L.Ed. 483.

It is conceded that plaintiff, Simeon C. Canary, was not a restricted Indian and was free to alienate or incumber his tax exempt homestead, and that when he took the income in controversy he was free to spend it as he pleased.

Though plaintiff cites several cases, yet he principally relies on the case of Carpenter v. Shaw, supra, which is the only case we deem necessary to discuss, as none of the cited cases sustain his position, nor, with the exception of the case of Leahy v. State Treasurer of Oklahoma, 173 Okl. 614, 49 P.2d 570, which case was affirmed by the United States Supreme Court, 297 U.S. 420, 56 S.Ct. 507, 80 L.Ed. 771, are they applicable to our view of the law. The Carpenter v. Shaw case sought to impose a gross production tax on minerals underlying and produced from the lands of Choctaw Indian wards of the United States. At the time the gross production taxes involved in that case accrued, the lands were non-taxable by virtue of Section 29 of the Act of June 28, 1898, 30 Stat. 495, 505. In rejecting Oklahoma's asserted right to tax, the Supreme Court of the United States held that our gross production tax "is not a tax on oil and gas severed from the realty, but is, by its very terms, a tax upon the right reserved in them [the Indians] as lessors and owners of the fee." [280 U.S. 363, 50 S.Ct. 123.] That is, that by its terms the tax was an in lieu tax, in lieu of all property tax (ad valorem tax), 68 O.S.1951 § 821, which constituted a property tax and as such could not be imposed upon the tax exempt property of Choctaw Indian wards of the Federal government; and, we have consistently held that Oklahoma's gross production tax is a property tax as distinguished from an excise tax. See In re Skeleton Lead & Zinc Co.'s Gross Production Tax, 81 Okl. 134, 197 P. 495 and State v. Indian Royalty Co., 177 Okl. 238, 58 P.2d 601. See also Oklahoma Tax Commission v. Texas Co., 336 U.S. 342, 69 S.Ct. 561, 93 L.Ed. 721, which is to the same effect. Thus, plaintiff's argument that both Oklahoma's gross production tax and its income tax are excise taxes is not well founded. Clearly, only the income tax may be considered as an excise tax.

We adhere to the view that an income tax is a tax on income and not a property tax or a tax on the source of the income. 85 C.J.S., Taxation, § 1089, p. 697; Leahy v. State Treasurer of Oklahoma, supra, and cases cited therein. Consequently, the contention that the income which accrued from the sale of oil and gas severed from the tax exempt homestead allotment of plaintiff, the source of the income, is exempt from Oklahoma income tax is untenable.

In Graves v. People of State of New York, 306 U.S. 466, 59 S.Ct. 595, 598, 83 L.Ed. 927, the Court in sustaining the state's

asserted right to impose an income tax on the salary of an employee of HOLC said:

"* * * The theory, which once won a qualified approval, that a tax on income is legally or economically a tax on its source, is no longer tenable, [citing cases] and the only possible basis for implying a constitutional immunity from state income tax of the salary of an employee of the national government or of a governmental agency is that the economic burden of the tax is in some way passed on so as to impose a burden on the national government tantamount to an interference by one government with the other in the performance of its functions."

While this case is applicable only by analogy, yet it shows clearly that "The theory, which once won a qualified approval, that a tax on income is legally or economically a tax on its source, is no longer tenable."

No Oklahoma case exactly in point has been called to our attention, and we have been unable to find one, but, under the cited authorities and for the reasons given herein, the judgment is affirmed.