## No. 18,603.

MASSACHUSETTS BONDING AND INSURANCE COMPANY *v.*
STATE OF COLORADO, EX REL. CLARENCE MALLIN.
(347 P. [2d] 507)

Decided December 14, 1959.

Messrs. MELLMAN, MELLMAN & THORN, for plaintiff in error.

Mr. JAMES B. RADETSKY, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HALL.

THE parties appear here in reverse order to their appearance in the trial court. We refer to defendant in error as plaintiff and to plaintiff in error as defendant.

The case was presented to the trial court for determination on an agreed statement of facts, the essentials thereof being as follows:

One Marshall D. Drotts, a licensed and bonded motor vehicle dealer within the state of Colorado, in October 1947 purchased from plaintiff at Kansas City, Missouri, three motor vehicles and, as payment therefor, at that time and place, made and delivered to plaintiff three checks in amounts equal to the agreed prices of the three motor vehicles; the checks were drawn on The Bank of Aurora, Aurora, Colorado, and delivered by Drotts to the plaintiff. In order to further the purchase and sale, plaintiff executed a certificate of title to each of the cars, attached to each check a certificate of title, and forwarded the checks and titles to the Aurora bank with instructions to deliver the titles to Drotts on payment of the checks. Plaintiff, on receipt of the checks, delivered to Drotts possession of the three motor vehicles. Drotts had no account in the Aurora bank and in due course the Aurora bank returned the checks and titles to plaintiff. Drotts removed the motor vehicles from Kansas City to Colorado and sold and delivered them in Colorado to three different purchasers, without furnishing to the purchasers certificates of title. Plaintiff has not been able to recover the vehicles, the purchase price of the cars as evidenced by the checks, or

the proceeds received by Drotts on the sales of the cars. There remains due plaintiff from Drotts on the purchase price of the three vehicles sold the sum of $5925.00. At the time of the sale and delivery, Drotts, as principal, and the defendant, as surety, had, pursuant to and in conformity with the requirements of Section 9, Chapter 78, Session Laws of 1945, executed and delivered to the Department of Revenue of the State of Colorado a motor vehicle dealer's bond in the amount of $2500.00, conditioned as follows:

"NOW, THEREFORE, if the said Principal as such Motor Vehicle Dealer, *shall faithfully observe and comply with all the requirements of the Act relating to Motor Vehicles* and providing penalties for the violation thereof, as provided in House Bill 743, passed by the 35th General Assembly of the State of Colorado, duly signed and approved by the Governor, *and indemnify any and all persons,* firms, and corporations *for any loss suffered by reason of the fraud or fraudulent representations made, or through the violation of any of the provisions of said Motor Vehicle Dealers law* and shall pay all judgments and costs adjudged against said Principal on account of fraud or fraudulent representations and for any violation or violations of said law, then the above obligation to be void, otherwise to be and remain in full force and effect." (Emphasis supplied.)

The trial court entered judgment in favor of the plaintiff and against the defendant "In the sum of $2500 and interest from the date of filing, and costs."

Defendant is here by writ of error and urges as grounds for reversal that:

1. The defendant is not liable under its surety bond.

2. No interest should have been allowed to plaintiff.

Counsel for defendant contend that the purchase, sale and delivery of the motor vehicles and checks all took place in Missouri; therefore Drotts could not be violating any Colorado law. Be that as it may, he was in Missouri laying the groundwork for violating Colorado

laws, which laws he did violate on his return to Colorado.

From the agreed statement of facts, it is clear that all of Drotts' dealings with plaintiff were permeated with fraud by which he obtained possession of the motor vehicles and thereafter sold and delivered possession of each vehicle to a purchaser. In so doing he placed the same beyond the reach of plaintiff, leaving plaintiff short on vehicles and long on worthless checks.

■ Drotts not only obtained possession of the cars by fraud, he was guilty of a further fraud in Colorado in selling them when he did not own them; he was in violation of Section 8, Chapter 121, Session Laws 1947, which provides:

"It shall be unlawful and a violation of this Act for the holder of any license issued under the terms and provisions hereof:

\*   \*   \*

"(C)  To knowingly purchase, sell or otherwise acquire or dispose of a stolen motor vehicle."

He was in further violation of the act in selling the vehicles without delivering a dealer's certificate of title to the purchasers, as required by Section 3, Chapter 16, '35 C.S.A., the law then governing sales of automobiles and the transfer of titles thereto. *Codding v. Jackson,* 132 Colo. 320, 287 P. (2d) 976; *Amarillo Auction v. Hutchinson,* 135 Colo. 320, 310 P. (2d) 715.

Plaintiff suffered a loss which was caused by Drotts' failure to:

" \*   \*   \* faithfully observe and comply with all the requirements of the Act relating to Motor Vehicles and \*   \*   \* by reason of the fraud or fraudulent representations made [by Drotts], or [and] through the violation of any of the provisions of said Motor Vehicle Dealers law \* \* \*."

[3] Defendant contends that plaintiff having filed his complaint June 16, 1948, and having permitted the case to drag on until December 20, 1957, when judgment

was entered, should not have been awarded interest. Interest is a creature of statute in cases to recover on bonds and it is due and collectible just as surely as is the principal. C.R.S. '53, 73-1-2, provides:

"Creditors *shall* be allowed to receive interest * * * for all monies after they become due on any * * * bond * * * or other instrument of writing * * *."

In *Stone v. Currigan,* 138 Colo. 442, 334 P. (2d) 740, this court said:

"By way of carefully considered dictum, let it be known that any *creditor* who can bring himself within the terms of the quoted statute is entitled to interest from his *debtor.*"

■ The fact that the amount of the judgment, together with interest, exceeds the penalty of the bond does not preclude the collection of principal and interest.

In *McPhee v. United States,* 64 Colo. 421, 174 Pac. 808, this court said:

"The court held and adjudged that each surety was liable for interest at the legal rate on the amount of his obligation, from the date of the commencement of the action, and the sureties contend that this was error. There is a conflict in the authorities upon the question of allowing interest upon the penalty of a bond. The weight of American authority, however, is in favor of allowing it, and such is the rule in this jurisdiction. *Empire State Surety Company v. Lindenmeier et al.,* 54 Colo. 497, 131 Pac. 437, Ann. Cas. 1914 C. 1189. The penalty in a bond is the amount which the obligors agree to pay, if the whole penalty be needed to satisfy the damages sustained by the obligee by a breach of the bond, and is due as soon as the breach occurs. As said in *Wyman v. Robinson,* 73 Me. 384, 387, 40 Am. Rep. 360."

See, also, *Federal Co. v. White,* 88 Colo. 238, 295 P. (2d) 281; *Empire Co. v. Lindenmeier,* 54 Colo. 497, 131 Pac. 437.

■ The fact that the court did not at the time of the

entry of judgment compute the amount of the interest accrued to that date is not material; the computation can be made at any time.

The judgment is affirmed.

MR. JUSTICE KNAUSS and MR. JUSTICE DAY concur.