487 P.2d 574 (1971)
PEERLESS INSURANCE COMPANY, Plaintiff in Error,
v.
Ray CLARK dba Ray Clark's Dyer Auto Auction, Defendant in Error.
No. 70-528. (Supreme Court No. 24162.)
Colorado Court of Appeals, Div. II.
May 18, 1971.
Rehearing Denied June 8, 1971.
Certiorari Denied August 3, 1971.
Weller, Friedrich, Hickisch & Hazlitt, David R. Kerr, Denver, for plaintiff in error.
Keith J. Vandenberge, Denver, for defendant in error.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was transferred from the Supreme Court pursuant to statute.
Peerless Insurance Company, defendant below, is appealing from a judgment of the trial court in an action brought by Ray Clark, doing business as Ray Clark's Dyer Auto Auction, against a motor vehicle dealer, not a party here, and against Peerless to recover damages for fraud. The trial court found in favor of plaintiff Clark and entered judgment against the dealer and against Peerless as surety on the dealer's bonds.
The dealer, Key Auto Sales, was licensed by the City and County of Denver and the State of Colorado, and Peerless executed the bonds required by the city ordinance and state statute. It is admitted in this court that the dealer was guilty of fraud in the purchase of nine automobiles from Clark and that such fraud occurred in the State of Indiana where Clark had his business.
The fraud occurred when one of the partners of Key Auto Sales gave Clark short checks in payment for the automobiles and Clark, in reliance on the checks, delivered the cars and their titles to the dealer. The primary issue in this court is whether Peerless is liable under its bonds for a fraud committed outside the City and the *575 State. The trial court determined that it is liable on both bonds. We disagree.
Each bond executed by Peerless was in strict conformity with the terms of the respective statute or ordinance under which it was executed. Each covered only the obligations required by the pertinent statute or ordinance.

THE STATE BOND
It is not disputed that if this fraud had occurred in Colorado the bonding company would be liable under the bond issued pursuant to the Colorado Statute. See Massachusetts Bonding and Insurance Co. v. Colorado ex rel. Mallin, 141 Colo. 259, 347 P.2d 507. However Peerless contends that the bond, being tied to the license is co-extensive with the license and that since the license is effective only within the State of Colorado, the bond likewise is limited to acts which occur within the state.
The pertinent statute is C.R.S.1963, 13-11-1 et seq., entitled "Dealers' Licenses". Section 1 of this Act requires motor vehicle dealers to procure a license to do business. Section 9 provides that before a license shall issue the dealer shall file a $5000 bond. "* * * conditioned that said applicant [for a license] shall not practice fraud, make any fraudulent representation or violate any of the provisions of this article in the conduct of the business for which he is licensed."
C.R.S.1963, 13-11-11(1) provides, in part,
"(1) If any person shall suffer any loss or damage by reason of any fraud practiced on him or fraudulent representation made to him by a licensed dealer * * * such person shall have a right of action against such dealer * * * and the sureties upon [his bond]."
Clark argues that the use of the words, "any fraud" and "any person" in the statute, by implication, gives it an extraterritorial effect.
We have found no Colorado case directly in point. However the law appears to be well settled that a statute cannot be presumed to have any extraterritorial effect. In Swift & Co. v. Peterson, 192 Or. 97, 233 P.2d 216, it is stated,
"No legislation is presumed to be intended to operate outside of the jurisdiction of the state enacting it. In fact, a contrary presumption prevails and statutes are generally so construed. 50 Am. Jur., Statutes, 510 § 487; Sandberg v. McDonald, 248 U.S. 185, 39 S.Ct. 84, 195, 63 L.Ed. 200; * * *."
Ore-Ida Potato Products, Inc. v. United Pacific Ins. Co., 87 Idaho 185, 392 P.2d 191, is almost directly in point. In that case a produce dealer licensed and bonded in the State of Idaho made two purchases of potatoes in Oregon for which he failed to pay. It was undisputed that both transactions took place entirely within the State of Oregon. Had they occurred in Idaho the surety on the dealer's bond would have been liable. The claimant argued that the words, any person, any dealer or broker, every dealer, etc. used in the Idaho Statute gave it extraterritorial effect. The Idaho court held the surety not liable, stating,
"An examination of this Act * * * does not disclose any express phraseology designed to extend to transactions consummated `fully, wholly and entirely,' * * * in a state foreign to Idaho.
Appellant cannot be permitted the extraterriotrial interpretation of [the Act] which it seeks. The bond furnished by a produce dealer under the Act must be measured by the law of Idaho under which it was written, * * *. Statutes are intended to apply and be confined in their operation to persons, property and rights which are within the territorial jurisdiction of the law-making power. The Act does not expressly provide for extraterritorial application. In the absence of any extraterritorial phraseology contained in such Act, it cannot be construed to have an extraterritorial effect, on the theory that the legislature so intended."
We agree with the foregoing and hold that Peerless is not liable on the bond *576 issued under the state statute for the fraud which occurred outside the State of Colorado.

THE CITY BOND
The principles above set forth apply with equal force to the bond issued pursuant to ordinances of the City and County of Denver. See 37 Am.Jur. Municipal Corporations § 284.
In addition Peerless asserts that the fraud here committed did not constitute an act covered by the conditions of the bond. The pertinent ordinance provides that before issuing an automobile dealer's license to an applicant, the Manager of Safety and Excise shall require:
"The posting of a bond in the penal sum of Twenty-five Hundred Dollars ($2,500), in accordance with Section 902.5 and additionally conditioned that the licensee will indefnify (sic) any and all persons, firms, and corporations for any loss suffered by reason of the licensee substituting any motor vehicle, other than the one selected by the purchaser, or the licensee's failure to deliver to the purchaser a clear and legally sufficient title to any automotive vehicle purchased, or by reason of the licensee's misappropriation of any funds belonging to a purchaser of any motor vehicle, or any alteration on the part of the licensee so as to deceive the purchaser as to the year or model of any purchased motor vehicle, or by reason of any false and fraudulent representations or deceitful practices whatever respecting the motor vehicle." Denver Revised Municipal Code, 941.4-2.
The bond conformed to the ordinance. It is clear from a reading of the above section that the bond is designed to protect only against acts, including fraud, which occur in connection with the sale of an automobile by the dealer.
For the above reasons we hold that Peerless is not liable on the bond issued under the Denver ordinance.
The judgment against Peerless is reversed and the cause remanded with directions to dismiss the complaint as to Peerless Insurance Company.
COYTE and ENOCH, JJ., concur.