158 So.2d 924

**C. N. MASON et al.**

**v.**

**CITY OF ALBERTVILLE.**

**8 Div. 108.**

Supreme Court of Alabama.

Dec. 12, 1963.

S. R. Starnes and Spain, Gillon & Young, Birmingham, for appellants.

Maurice F. Bishop, Birmingham, and T. J. Carnes, Albertville, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from the judgment for the plaintiff in the Circuit Court of Marshall County, Alabama, after a trial without a jury and upon an agreed statement of facts. The agreed facts are substantially as follows:

In December, 1954, C. N. Mason of Pensacola, Florida, executed a contract with the City of Albertville, Alabama, agreeing to construct a sanitary sewer system for the city as provided in the contract and specifications on which the job was let. The United States Fidelity and Guaranty Company (hereinafter referred to as USF & G) entered into a performance bond and a labor and materials bond as Mason's surety. Mason agreed to complete the undertaking within 150 calendar days (it seems that later the time was extended to 164 days), or to pay liquidated damages of $100 per day for each day over and above the deadline so set. USF & G executed and filed with the city its bond guaranteeing performance of the contract.

Mason subsequently defaulted and USF & G took over the job under its bond and under an assignment executed by Mason. The work was completed by one Harbert. Upon final completion of the job, the city

paid USF & G, as assignee of Mason, all sums due under the contract, but retained liquidated damages in the amount of $38,- 100, representing a payment of $100 per day for an overrun of 381 days.

USF & G, as assignee of Mason, filed suit in the United States District Court, for the Northern District of Alabama, for the retained $38,100 held by the City of Albertville, upon the theory that the sum had been wrongfully withheld from it by the city, asserting that the contract provision relating to time for completion of the work was void, for that it was impossible to perform the contract within the time allotted. That case was tried to a jury and resulted in a verdict and judgment for USF & G in the amount of $38,100, plus interest.

From that judgment, the city appealed to the United States Circuit Court of Appeals (5th Circuit), which reversed and remanded the cause to the District Court, and the District Court entered judgment for the City of Albertville. See 272 F.2d 594, 5th Cir.

Following termination of the federal litigation, the city filed suit in the Circuit Court of Marshall County, Alabama, against USF & G claiming a breach of the performance bond. The basis of the city's claim was that it had been caused to expend the sum of $9,493.41 for legal, engineering, and other expenses in and about defending the federal court suit brought by USF & G, and prosecuting the appeal to the Federal Circuit Court of Appeals. The city claimed that it was entitled to recover this sum, plus interest, under the provisions of the performance bond theretofore executed in its favor.

It is further stipulated that the attorneys' fees and other expenses are reasonable. It is also stipulated "that if the city is entitled to recover a reasonable attorneys' fee for the preparation and prosecution of the subject suit, same would be not less than $750.- 00."

The trial in the state court resulted in a verdict and judgment for the city in the amount of $9,097.91, plus interest, or a total verdict of $10,257.00. From this judgment,

USF & G prosecutes the appeal now before us.

There are six assignments of error, however, taking them as a whole, the sole question here involved is whether or not the contract and bond between Mason and the City of Albertville, with USF & G as surety, require or provide for the payment or reimbursement of the attorneys' and engineering fees and other expenses paid by the city in the successful defense of an action brought by USF & G, as assignee of Mason, in an attempt to recover from the city sums withheld by the latter as liquidated damages under the construction contract entered into with Mason.

The bond executed by appellant guaranteeing faithful performance of Mason's contract with the city stated, among other things, the following:

"* * * if the principal shall faithfully perform the terms and conditions of the contract in all respects on his part, and shall fully pay all obligations incurred in connection with the performance of such contract on account of labor and materials used in connection therewith, and all such other obligations of every form, nature and character, and shall save harmless the Owner from all and any liability of every nature, kind and character which may be incurred in connection with the performance or fulfillment of such contract or other such liability resulting from negligence or otherwise on the part of such Principal, and further shall save harmless the Owner from all cost and damage which may be suffered by reason of the failure to fully and completely perform said contract and shall fully reimburse and repay the Owner for all expenditures of every kind * * *."

In addition to the above provision in appellant's bond, paragraph 3.04 of the contract between the city and Mason provided the following:

"* * * In case of default on the part of the Contractor, all expenses in-

cident to ascertaining and collecting losses suffered by the Owner under the Bond, including both engineering and legal services shall lie against the Contract Bond for performance of the work." The bond also contained the following provisions:

"* * * for the payment of which we bind ourselves, our heirs, executors, administrators, successors and assigns for the faithful performance of a certain written contract dated 29 day of Dec., 1954, entered into between the Principal and the Owner for the construction of:

Sanitary Sewer Extensions
City of Albertville, Alabama
a copy of which said contract is incorporated herein by reference and is made a part hereof as if fully copied herein."

█ It is generally held that a surety is not liable for attorneys' fees incurred by the obligee or creditor in the absence of statute, unless there is an express provision in the contract or bond binding the principal to that effect.

In brief, in the instant case, the appellee relies solely on the contract and bond, and not on any statute. Nor are we concerned in the instant case with the distinction between an accommodation surety and a paid surety. The surety here was paid.

In the case of First National Bank v. Fidelity and Deposit Co., 145 Ala. 335, 40 So. 415, it was said:

"* * * When a party enters into a contract to do certain work and on certain terms, and procures a surety to guaranty the faithful performance of the work, the surety necessarily contracts with reference to the contract as made. The terms of the contract become a part of the terms of the bond. * * *"

In the instant case, as shown above, the bond incorporates and makes a part thereof the contract made by Mason with the city.

The appellant argues that there has been no "loss under the bond."

█ We cannot agree. "Damage" is a species of loss. "Loss" signifies the act of losing or the thing lost. "Damage," in French dommage; Latin, damnum, from demo, take away, signifies the thing taken away, the lost thing which a party is entitled to have restored to him so that he may be made whole again. "Loss" is not a word of limited, hard and fast meaning, and may mean either the act of losing or the thing lost. The term has been held to be synonymous with, or equivalent to, other terms, as for instance, damage, damages, deprivation, detriment, injury, privation. United States v. City Nat. Bank of Duluth, D. C. Minn., 31 F.Supp. 530, 534, 535.

The word "under" may be used in its literal sense as indicating condition of inferiority or subservience, or as meaning "subject to" or "in conformity with," denoting curtailment or restriction of, but nevertheless agreement or congruity with, something else to which it is made applicable. Alsop v. Pierce, 155 Fla. 184, 19 So.2d 799, 802.

██ Unquestionably, the city suffered a loss of $38,100 by the breach of the contract with Mason, and this has been judicially determined in the Federal courts. Indeed, the Mason contract provided for liquidated damages in the event Mason failed to complete the work in the specified time. This is the loss suffered by the city. This loss, the USF & G specifically contracted to make good by the execution of the performance bond. Moreover, USF & G, upon the default of Mason, had assigned to it the Mason contract and actually finished the work by employing Harbert to complete it. USF & G thereby also assumed the burden of the contract. For aught that appears, USF & G was at least partially responsible for the overrun of 381 days. That liability has been fixed in the Federal Courts.

█ The attorneys' fees sued for in this case were incurred in the defense of the suit filed by USF & G to recover the

**72**

liquidated damages withheld by the city. It is agreed that the fees are reasonable.

The Mason contract under which the job was completed by USF & G specifically provided that "in case of default on the part of the contractor, all expenses incident to ascertaining and collecting losses suffered by the owner under the bond, including both engineering and legal services, shall lie against the contract bond for performance of the work."

We can conceive of no difference or distinction between defending the suit brought by USF & G and a suit by the city against either Mason or USF & G to collect said liquidated damages. Both the Mason contract and the bond, which specifically incorporated the Mason contract in it, provided for such fees. Also, the appellee is entitled to recover the stipulated fee of $750 for the prosecution of the subject suit.

The case is due to be, and is, affirmed.

Affirmed.

WOOD, JJ., concur.

SIMPSON, MERRILL and HARWOOD, JJ., concur.