**SANITARY SYSTEMS, INC., a Corporation, Midland Engineering Company, a Corporation, Thomas E. Hudson and Kathlyn M. Hudson, Individuals, Appellants,**

v.

**AMERICAN SURETY COMPANY OF NEW YORK, a Corporation, City of Grandview, Missouri, a Municipal Corporation, and Commerce Trust Company, a Corporation, Appellees.**

No. 17479.

United States Court of Appeals
Eighth Circuit.

May 8, 1964.

Walter A. Raymond, Kansas City, Mo., made argument for the appellants and filed brief with Henry H. Fox, Jr., Kansas City, Mo., and Raymond, West & Cochrane, Kansas City, Mo.

Donald G. Stubbs, Kansas City, Mo., made argument for appellee American Surety Co. of New York and filed brief with Thomas D. Kelley, of McKenzie, Williams, Merrick, Beamer & Stubbs, Kansas City, Mo.

Roger W. Penner, Kansas City, Mo., made argument for the appellee City of Grandview, Mo., and James C. Morris, of Morris, Lay & Tarver, Kansas City, Mo., Meyer, Smith, Shute & Penner, Kansas City, Mo., were with him on the brief.

Paul R. Shy and T. Alan Peschka, Kansas City, Mo., entered appearance as counsel for appellee Commerce Trust Co. but filed no brief nor made argument.

Before VOGEL, MATTHES and BLACKMUN, Circuit Judges.

MATTHES, Circuit Judge.

Broadly stated, this diversity litigation stems from a controversy in connection with the construction of a sewer system for the City of Grandview, Missouri (City).

On April 18, 1962, City entered into a written contract with Sanitary Systems, Inc. (Sanitary) for construction of a certain sewer system. Midland Engineering Company (Midland) was Sanitary's subcontractor for the entire project and entered upon and partially performed under Sanitary's contract. American Surety Company of New York (Surety) was the surety on Sanitary's performance and payment bond running in favor of City. The contract between City and Sanitary provided in part that if the work to be done thereunder "shall be abandoned by the Contractor" (Sanitary) or "if at any time the Engineer [consulting engineer, hired by City] shall certify in writing to the Owner (City) that the performance of the work under this contract is being unnecessarily delayed," and the contractor fails to make a satisfactory arrangement for continuance of the work within five days after receiving notice of the owner's intention to terminate the contract, "this contract shall cease and terminate."

In January, 1963, work on the project was discontinued. On March 22, 1963, the consulting engineer made a certification of unnecessary delay and abandonment as provided by the contract, and thereafter, City—after compliance with the agreed upon procedures—terminated the contract.

In April, 1963, Surety instituted this action in six counts against City, Sanitary, Midland, Commerce Trust Company and two creditors of Midland who had furnished materials for the project. Count I sought a cancellation of the surety bond; Count III sought an equitable lien on the funds held in escrow by Commerce Trust Company and a decree preventing the trust company from disbursing the funds except for payment of labor and material bills under the contract or for reimbursement to Surety in the event the court ruled the bond was in effect. Count VI prayed for a determination whether Sanitary was in default under the construction contract.[1] Since Counts II, IV and V were not litigated and are not in issue on this appeal, discussion of those counts is unnecessary.

Count I, III and VI were tried to the court, presenting two disputed basic issues: (1) whether Midland's performance and work on the sewer project was as Sanitary's subcontractor or whether—as contended by Sanitary and Midland—the work performed by Midland was not pursuant to and under Sanitary's contract, but was by virtue of some separate contract or arrangement between Midland and City; (2) whether City had complied with the contract and whether Sanitary had defaulted and terminated the contract by having abandoned the project.

The court found as a fact that Midland was Sanitary's subcontractor and that all work done by it was pursuant to Sanitary's contract; that no work had been performed under the contract since January 10, 1963, and performance under the contract had been abandoned by Sanitary and Midland; that the sum of $210,000 was deposited with Commerce Trust Company in escrow for the payment of the contract price for the sewer project; that of that amount, $127,516.24 had been paid to Sanitary for work performed, leaving the sum of $82,483.76 on deposit with the escrow agent for payment in respect of the sewer construction contract. Based upon its findings of fact, the court concluded that the bond of Surety was in full force and effect, was not entitled to be cancelled or rescinded, and that Surety was obligated under the bond; that the contract had been abandoned by Sanitary; and that the sum remaining on deposit with the escrow agent

---

1. In its answer, cross-petition, and counterclaim, City's basic position was that Midland and Sanitary were in default and that Surety should be required to perform the contract under the bond.

represented funds provided for and dedicated to the payment of the contract price. The court directed that, in the event Surety entered upon and completed the contract, Commerce Trust Company should make payments to Surety pursuant to the terms of the escrow agreement.

From the court's judgment, Sanitary and Midland have appealed.[2]

Issue (1) above referred to has been expressly abandoned by appellants. Their appeal is focused entirely upon the propriety of the court's finding and judgment that Sanitary abandoned the contract.[3]

The abandonment issue encompasses three interrelated questions. *First,* whether City was first guilty of a breach of its contractual obligation thereby justifying Sanitary to discontinue the work under the contract. *Second,* whether there is proper evidentiary support for the finding and judgment that Sanitary abandoned the work and thereby was in default of the contract. *Third,* whether—in accordance with the power concededly granted to the engineer by the contract—the engineer's certification that Sanitary had abandoned the project was induced without prejudice, obvious mistake, or bad faith, thereby supporting the finding and judgment of abandonment. The factual frameworks from which these questions arise are so closely interwoven that we deem it unnecessary, and perhaps misleading, to set them forth individually or to deal with the questions themselves separately. Suffice it to note that, in effect, all three questions were presented to the trial court, and, either directly or inferentially, were resolved against Sanitary in the court's over-all determination of the abandonment issue.

Appellants assert that the facts on the abandonment issue were established by stipulation of the parties, written documents, and evidence which is largely uncontroverted; that the trial court's judgment was "largely a conclusion of law" or "a determination of a mixed question of law and fact;" and that "this Court is free to substitute its judgment for that of the trial court." Further, appellants contend that even if the finding of abandonment should be ruled an issue of fact, it is likewise insufficient under the clearly erroneous rule.

Proceeding on the basis of their major premise—that the abandonment issue is not purely a factual matter—appellants argue that the court applied improper legal standards in concluding that Sanitary and Midland had abandoned the contract. In so contending, appellants rely upon the rule that an abandonment must be made to appear affirmatively by the party asserting it, and that proof of abandonment must be made by clear, unequivocal and decisive evidence. We so held in Linscomb v. Goodyear Tire & Rubber Co., 8 Cir., 199 F.2d 431, 435 (1952), where we reviewed and considered a number of federal and Missouri cases on abandonment, and where—as here—Missouri law was applicable.

Appellees Surety and City do not controvert the foregoing rule, nor do they dispute the validity of other *legal* principles regarding abandonment which are referred to in numerous decisions cited by appellants. Appellees' position, with which we agree, is that here the issue of abandonment clearly and unmistakenly presented a fact question; that the trial court's finding that the project and contract had been abandoned is supported by substantial evidence and is

---

2. Although Counts II, IV and V of the complaint were not disposed of by the judgment, the court, pursuant to Rule 54 (b), Fed.R.Civ.P., expressly determined there was no just reason for delay in entering final judgment for City, and directed the entry of such judgment, thereby making the issues adjudicated ripe for appeal.

3. Although, as noted, Surety sought cancellation of its bond, apparently because of the position taken by its principal (Sanitary), Surety did not appeal from the judgment against it on this issue but appears here as one of the appellees and seeks to sustain the court's judgment in toto.

not clearly erroneous; and that the court applied proper legal principles to the facts as found in arriving at its ultimate judgment.

Since this action centers primarily upon a factual determination and no novel legal principle is presented, an extended discussion of the facts or the law would serve no useful purpose and would contribute little or nothing to legal precedent. While Sanitary and Midland have presented some evidence which tends to support their position, the overwhelming amount of evidence introduced clearly substantiates the findings and conclusions reached by the trial court. Certainly, there is ample evidence refuting appellants' contention of a breach of the contract by City, allegedly justifying the work stoppage by appellants. And the record does not support appellants' claim that the trial court should have disregarded the engineer's certificate of abandonment because the certification was without rational basis and the result of prejudice, obvious mistake or bad faith.[4]

Included in the pertinent evidentiary setting are the following facts, circumstances and inferences which militate against appellants' assertion of non-abandonment.

(1) The total sum to be paid to Sanitary under the contract was $210,000. Sanitary was obligated to provide all the necessary labor and materials.

(2) In January, 1963, when work on the project ceased, approximately 51% of the project had been completed. Although an amount in excess of $127,000 had been paid to Sanitary, bills totaling in excess of $70,000 were due and unpaid for materials furnished by materialmen and used in the project.

(3) Sanitary drew the $127,000 in five checks from the escrow fund held by the Commerce Trust Company, and endorsed the checks and paid the amounts over to Midland.[5] The payments were based upon five separate estimates of various portions of the work that were completed.

(4) By letter dated February 15, 1963, Surety directed City to withhold making any further payments to Sanitary.

(5) Engineer and City utilized proper contractual procedures in notifying Sanitary and Midland to resume construction or be considered to have abandoned the project, and in demanding performance by Surety after Sanitary and Midland failed to make arrangements for completion of the project. Sanitary and Midland failed to make any arrangement for continuance of the work as of the time of trial, July 2, 1963.

After careful consideration of these circumstances, the entire record, and the relevant legal authorities, we are convinced that the findings of the trial court are more than adequately supported by the record, are not clearly erroneous and were not induced by an erroneous view of the law.

Accordingly, we affirm.

4. Clearly, parties to a building contract may agree that a designated person—such as an engineer—shall determine various questions relating to the performance of the contract, including the question of abandonment. See, Phoenix Assurance Co. of New York v. Appleton City, 8 Cir., 296 F.2d 787 (1961). Appellants do not dispute the legal validity of the above statement, but maintain that here the engineer's certification was so arbitrary and contrary to the facts and the law as to render it without binding force.

5. Appellees have urged that portions of the $127,000 were diverted by Midland for uses other than City's sewer project—including a $20,000 amount allegedly diverted to a Midland project in New Mexico. In their brief, appellants have conceded that portions of the $127,000 were used for other purposes, and that "some went back to Sanitary Systems for credit on a loan of money from it to Midland Engineering."