377 F.2d 698
 Thomas E. HUDSON and Kathlyn Hudson, Trustees for Sanitary Systems, Inc., Midland Engineering Company and Thomas E. Hudson and Kathlyn Hudson, Appellants,
v.
AMERICAN SURETY COMPANY OF NEW YORK, Appellee.
 No. 18640.
 United States Court of Appeals Eighth Circuit.
 May 24, 1967.
 
 Donald G. Stubbs, Kansas City, Mo., for American Surety Co. of New York; Thomas D. Kelley, Kansas City, Mo., on the brief.
 Henry H. Fox, Jr., Kansas City, Mo., for Thomas E. Hudson et al.
 Roger W. Penner, Kansas City, Mo., for City of Grandview, Mo.; James C. Morris, Kansas City, Mo., on the brief.
 Before MATTHES, MEHAFFY and LAY, Circuit Judges.
 MATTHES, Circuit Judge.
 
 
 1
 This appeal from the judgment of the district court in favor of American Surety Company of New York, now Transamerica Insurance Company, emanates from another phase of the lawsuit originally instituted by American against the City of Grandview, Missouri, appellants herein and others in connection with the construction of a sewer system in the City of Grandview, Missouri. See our opinions in Sanitary Systems, Inc. v. American Surety Co. of New York, 331 F.2d 438 (8th Cir. 1964) (No. 17,479), and City of Grandview, Missouri v. Hudson and American Surety Company of New York v. City of Grandview, Missouri, 377 F.2d 694 (8th Cir. 1967), decided contemporaneously herewith, for a history of the litigation and the issues involved in the disposition thereof.
 
 
 2
 As part of the consideration for the execution of the performance and payment bond by American as surety for Sanitary Systems, Inc., appellants by written contract obligated themselves to indemnify and save American harmless against any and all claims, costs or expenses sustained or incurred by American by reason of having executed the bond.
 
 
 3
 Subsequent to our decision in Sanitary Systems, Inc. v. American Surety Co. of New York, supra, American completed the construction of the sewer project in the City of Grandview. It then prosecuted a claim under Count V of its complaint against appellants for the amounts expended by it in completing the project. The court's determination of the issues presented culminated in the judgment from which this appeal is taken.
 
 
 4
 Appellants do not challenge the court's finding that the provisions of the indemnity agreement are sufficiently broad to impose liability upon them to indemnify American for the cost of the completion of the sewer project. Nor do appellants question the amount of the costs incurred by American. The sole contention advanced by appellants is that the City of Grandview made it impossible for the contractor [Sanitary Systems, Inc.] to complete the sewer project under the contract, and therefore American was not obligated to the City under its indemnity bond and had no right to complete the project.
 
 
 5
 We have no difficulty in reaching the conclusion that appellants are precluded by the familiar doctrine of res judicata from once again raising and seeking an adjudication of the question they have presented. It is fundamental that a final judgment by a court of competent jurisdiction is res judicata as to the parties thereto, not only as to all matters litigated and determined by such judgment, but also as to all relevant issues which could have been presented. Angel v. Bullington, 330 U.S. 183, 192-193, 67 S.Ct. 657, 91 L.Ed. 832 (1947); Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 282-283, 66 S.Ct. 1105, 90 L.Ed. 1230 (1946); Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 378, 60 S.Ct. 317, 84 L.Ed. 329 (1940); Rhodes v. Jones, 351 F.2d 884, 886 (8th Cir. 1965), cert. denied, 383 U.S. 919, 86 S.Ct. 914, 15 L.Ed. 2d 673 (1965); Engelhardt v. Bell & Howell Co., 327 F.2d 30, 32 (8th Cir. 1964).
 
 
 6
 The evidence produced in the first trial, the district court's findings therein and our opinion in that case conclusively demonstrate that the question whether the City's conduct made performance by the contractor impossible has been fully litigated and resolved with finality. That issue has been laid to rest and cannot be resurrected and retried in this proceeding.
 
 
 7
 The judgment is affirmed.