Loney v. MHA v. Aetna                    CV-92-461-B    08/18/95

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>H. Loney Construction Co., Inc.</u>

    v.

<u>Manchester Housing and Redevelopment Authority</u>

    v.                                              Civil No. 92-461-B

<u>Aetna Casualty and Surety Corporation</u>

## O R D E R

Manchester Housing and Redevelopment Authority ("MHRA") moves for summary judgment on its claim for attorney's fees pursuant to a performance bond.  Specifically, MHRA argues that it is entitled to the costs associated with defending against H. Loney Construction's claims for extra compensation due to a differing site condition because those costs resulted from Loney's breach of the conditions of the bond.  Defendants, Loney and Aetna Casualty and Surety Company, object to MHRA's motion and also move to have the claim for attorney's fees dismissed because of unfair prejudice.  For the following reasons, I deny MHRA's motion for summary judgment and also deny the defendants' motion to dismiss.

### I.   BACKGROUND

#### A.   The Renovation Project

MHRA awarded a construction contract to Loney, a general contractor, that included heating renovations and the construction of new boiler rooms in several of MHRA's properties.

The buildings were constructed by MHRA in the early 1950's. The design of the buildings included a central heating system with lines running underground to each building. None of the buildings were constructed with basements. Instead, each building had a small crawl space under the first floor surrounded by a poured concrete foundation. MHRA experienced water problems in the crawl spaces between 1968 and 1972. It installed several sump pumps in the buildings in order to correct the problem. In 1988, MHRA decided to renovate the heating systems in these buildings.

The design for the renovations called for the construction of a boiler room in each building by excavating in the crawl space and constructing the boiler room in that space. In 1989, MHRA invited bids for the project. The bid documents required the excavation in the crawl space and the placement of sump pumps in each excavated boiler room below the floor slab to pump out water. The bid documents also provided that each bidder "assumed responsibility for all dewatering [sic] and shoring during construction of the project."

B.     **The Contract and Performance Bond**

MHRA awarded Loney the project and the parties executed a contract which included general conditions, specific conditions,

specifications, and drawings.  The contract required the
contractor to furnish all labor, materials, equipment, and
services, and perform all the work required for the renovations
as contained in the bid documents.  The contract was based on a
lump sum fee.[1]  Further, the contract required the contractor to
provide "all necessary protection and pumping work required to
keep the excavated area free of water."

In addition, the contract required Loney as principal, and
Aetna as surety, to execute a performance bond for the benefit of
MHRA, the sole obligee, binding them to perform all obligations
under the contract.  The performance bond provided that Loney and
Aetna were obligated to MHRA in the amount of $1,545,666.00, the
contract price.  Further, it stated that this obligation would be
void if the principal satisfied the conditions of the bond.
Specifically, it stated: "if [the principal] ... shall well and

---

[1]Lump sum contracts stipulate a sum for the entire cost of
meeting the requirements of the contract.  Any overruns are born
by the contractor unless they fall within the equitable
adjustments provision of the contract or some other exception.
    Article 2 of the contract states in pertinent part:
    **Article 2.**  The Contract Price.  [MHRA] shall pay the
    Contractor [Loney] for the performance on the Contract,
    in current funds, subject to additions and deductions
    as provided in the Specifications, the sum of One
    Million Five  Hundred Forty-Five Thousand Six Hundred
    Sixty-Six and 00/100 Dollars ($1,545,666.00).

truly indemnify and save harmless said Manchester Housing Authority against all counsel fees paid or incurred by said Authority as a result of a breach of any condition of this bond, ..., then this obligation shall be void ... ."[2] In addition, the bond provided that if the principal performed all agreements, terms, and conditions of the underlying contract, then the obligation to pay MHRA the contract price would also be void.

---

[2]This portion of the performance bond states in its entirety:

> NOW, THE CONDITION of this obligation is such that if the same principal and his subcontractors shall well and truly keep and perform all agreements, terms and conditions in said contract set forth and specified to be by said principal kept and performed, and shall well and truly indemnify and save harmless said Manchester Housing Authority against all counsel fees as a result of a breach of any condition of this bond, and against all claims and suits for damage to person or property arising from carelessness or want of due care or any act or omission on the part of said principal during the performance of said contract, then this obligation shall be void; otherwise it shall remain in full force and virtue.

The performance bond itself consists of a one page, standard form, obligating Aetna and Loney to MHRA for the full contract price. In addition, the bond requires Aetna, upon MHRA's written request, to complete the contract if Loney abandons the contract or MHRA terminates the contract.

4

## C.  The Ground Water Problem and Loney's Claim for Extra Compensation

In the course of excavating for the new foundations, Loney encountered seepage problems as a result of surface and groundwater in the area.  Contrary to MHRA's suggestions, Loney did not employ a pump or berm around the excavation to alleviate the problem.  Instead, it used different methods and incurred additional costs and delays due to the groundwater. Subsequently, Loney informed MHRA that, pursuant to the differing site conditions and equitable adjustment clause of the contract, it was seeking to have each excavation done on a time and materials basis because of the differing conditions that would be encountered with respect to each excavation.  MHRA refused to make any payments to Loney for the additional costs incurred.

Loney then sued MHRA to recover the costs claiming that the expenses incurred were not part of the original contract and therefore they were entitled to an equitable adjustment.  MHRA raised several defenses and counterclaimed for breach of warranty with respect to the installation of the boilers and failure to complete the work specified in the contract.  Specifically, MHRA asserted that Loney was obligated under the contract to handle any groundwater problems and any extra cost incurred by Loney

resulted from their failure to address the problems in a workmanlike manner as required by the contract. In its counterclaim, MHRA sought to recover damages plus costs and attorney's fees.[3] In addition, MHRA unsuccessfully sought to have Aetna impleaded as a necessary party.

The suit was bifurcated so that the issue of MHRA's liability for the extra costs due to differing site conditions was adjudicated first. After a three-day bench trial, Loney was unsuccessful in proving that it was entitled to an equitable adjustment.[4] The sole issue at trial was whether the contract provided for the contractor to be responsible for any

---

[3]In its pretrial statement, MHRA stated that the contested issues on its counterclaim would be: (1) whether Loney failed to rectify or complete the precise items the Authority requested it to do, which were in its contract; and (2) whether the sum sought by the Authority for rectifying and completing Loney's work is the fair and reasonable charge for that work. In Section J of that statement, the MHRA stated with respect to attorney's fees: "The Authority currently has pending before this Court a Motion to add plaintiff's Surety Company as a party. Pursuant to the terms of said Bond, the Surety is responsible for legal fees due to failure of Loney's performance."

[4]The court announced its findings and rulings orally on June 28, 1994. A partial transcript of that hearing is part of the case file (document no. 71). The court also concluded that MHRA was not liable for the additional costs incurred by Loney under the other theories raised in Loney's claim, i.e. negligent misrepresentation and breach of the duty of good faith and fair dealing.

groundwater.  Basing its decision on the contract documents, the court concluded that Loney should have reasonably anticipated the groundwater as part of the contract requirements.  Therefore, Loney was not entitled to any additional compensation above the lump sum contract price.  The court did not address whether Loney should have handled the groundwater differently or whether its actions constituted a breach of the contract.

## D.    MHRA's Suit Against Aetna

After the court issued its decision, MHRA filed suit against Aetna, Case No. 94-394-B, seeking judgment against Aetna as surety for Loney pursuant to the performance bond, for Loney's failure to meet the obligations of that bond.  The complaint also sought consolidation with the original suit filed by Loney.  MHRA claimed that as surety Aetna was liable for legal fees under the performance bond, as well as the costs of completion, because Loney breached its obligations under the contract by failing to complete its work, failing to rectify deficient work, and failing to perform in a workmanlike manner.  Subsequently, the court ordered that the two cases be consolidated and that a consolidated complaint be filed by MHRA.

In its consolidated complaint MHRA claims that Loney breached the obligations of the contract in handling the water

7

conditions.  Based on this alleged breach, MHRA claims that Loney and Aetna are liable for the costs associated with MHRA's defense of the equitable adjustment claim pursuant to the plain language of the performance bond.

## II.  DISCUSSION

MHRA argues it is entitled to summary judgment because Loney and Aetna are liable under the performance bond for its attorney's fees incurred in defending against Loney's prior claim for extra compensation.  Aetna and Loney argue that the plain language of the performance bond does not provide for the payment of the disputed attorney's fees.  Defendants also seek to have MHRA's claim for attorney's fees dismissed.  I address the defendants' motion to dismiss first.

### A.  Motion to Dismiss Due to Unfair Prejudice

Defendants argue that they are unfairly prejudiced by MHRA's delay in raising its claim for attorney's fees based on the bond. Defendants cite no authority to demonstrate that any delay should bar the claim.  Further, the defendants had notice of the claim from the first stages of the litigation.  MHRA asserted in its initial counterclaim against Loney and its subsequent claim against Aetna that it would be seeking attorney's fees associated

8

with its defense of Loney's extra compensation claim. Therefore, I conclude that Aetna and Loney had adequate notice that MHRA would be seeking to recover its legal costs from the initial stages of this lawsuit. Thus, I deny defendants' motion to dismiss MHRA's claim for attorney's fees.

## B. __Motion for Summary Judgment__[5]

MHRA argues that Loney failed to perform all the agreements, terms, and conditions of the underlying contract, including the following requirements: (1) that the groundwater be handled by placing a pump below the excavation site; (2) that the walls of excavation be shored up; and (3) that the excavation holes be bermed. It then points to the language in the bond which states that Loney shall "save harmless [MHRA] against all counsel fees __as a result of a breach of any condition of this bond...__"

---

[5]Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Where the movant bears the burden of proof at trial "that party must show __affirmatively__ the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial." __Fitzpatrick v. City of Atlanta__, 2 F.3d 1112, 1115 (11th Cir. 1993) (internal quotations and citations omitted).

9

(emphasis added). Finally, MHRA concludes that because Loney's performance of the contract's requirements is a "condition of the bond" as that phrase is used in the provision quoted above, and the legal fees incurred in defending against Loney's claim flow directly from Loney's failure to perform under the contract, the plain language of the bond entitles them to recover their defense costs. Based on the foregoing, MHRA argues that it is entitled to summary judgment.

It is well settled that in the absence of a statute or contract providing for the allowance of attorney's fees, the prevailing party is not entitled to recover such costs. Smith v. Town of Wolfeboro, 136 N.H. 337, 347 (1992); Maguire v. Merrimack Mut. Ins. Co., 133 N.H. 51, 55 (1990). Therefore, the issue presented by plaintiff's motion is whether the performance bond and the construction contract provide for the recovery by MHRA of reasonable attorney's fees incurred in defending against Loney's claims.[6]

---

[6]Neither party relies upon any statutory authority to support their argument. Therefore, I rely solely upon the language of the contract to determine whether MHRA is entitled to its attorney's fees incurred in the prior action.

A contract should be interpreted to reflect the intention of the parties at the time it was made.  Parkhurst v. Gibson, 133 N.H. 57, 61 (1990); R. Zoppo Co. v. City of Dover, 124 N.H. 666, 671 (1984).  The parties' intentions are derived from objective and external criteria, not their unexpressed states of mind. Tentindo v. Locke Lake Colony Ass'n, 120 N.H. 593, 599 (1980). The starting point, therefore, is the contract language itself. See Parkhurst, 133 N.H. at 62 (absent fraud, duress, mutual mistake or ambiguity, must glean parties' intent from words in contract).  In construing contract language, that language is given its common meaning and is construed from the perspective of the reasonable person.  Gamble v. University Sys., 136 N.H. 9, 13 (1992); Logic Assocs., Inc. v. Time Share Corp., 124 N.H. 565, 572 (1984).  The clear and unambiguous language of the performance bond limits reimbursement for attorney's fees to those incurred by MHRA as a result of breaches of the conditions of the bond and the terms of the contract by Loney.  Thus, there must be a breach in order for MHRA's right to attorney's fees to arise.

The basis of the action for which MHRA seeks attorney's fees was confined to the issue of whether the contract required Loney to be responsible for a potential groundwater problem.  The court

11

concluded that the contract required Loney to be responsible for the groundwater and therefore Loney was not entitled to extra compensation. Loney's breach of the contract was not an issue in the prior proceedings and no determination as to Loney's performance under the contract was made or needed to be made. Therefore, MHRA's characterization of the prior adjudication of Loney's equitable adjustment claim as resulting from a breach of the contract is not tenable.

Further, MHRA cites no authority for interpreting the language in the performance bond in a way that entitles them to attorney's fees under these circumstances. In the only cases that MHRA does cite, the court necessarily determined that the principal or one of its subcontractors had breached its obligations under the contract. E.g., City of Grandvier v. Hudson, 377 F.2d 694, 697 (8th Cir. 1967) (court concluded that bond language encompassed fees incurred by owner as result of surety's suit to determine liability for subcontractor's failure to perform under the contract); Mason v. City of Albertville, 158 So. 2d 924, 927 (Ala. 1963) (owner entitled to counsel fees incurred in defending action by surety to recover liquidated damages withheld by owner because owner suffered loss under bond as result of principal's breach of the underlying contract); B &

12

H Constr. & Supply Co. v. District Bd. of Trustees of Tallahassee Community College, 542 So. 2d 382, 387 (Fla. Dist. Ct. App. 1989) (defendant entitled to attorney's fees because contract provided for recovery of attorney's fees if contractor breached contract and defendant showed contractor had breached); accord Turner Constr., Inc. v. American States Ins., 579 A.2d 915, 919 (Pa. Super. Ct. 1990) (no right of action under performance bond until principal fails to perform in accordance with underlying agreement). None of the cases support the proposition that the language at issue here would entitle MHRA to attorney's fees where no breach or failure to perform on the part of Loney was part of the prior action. Therefore, I deny MHRA's motion for summary judgment on their claim for attorney's fees. See Fed. R. Civ. P. 56; Fitzpatrick, 2 F.3d at 1115.

## III. CONCLUSION

For the foregoing reasons, I deny MHRA's motion for summary judgment (document no. 80) and also deny defendants' motion to dismiss (document no. 89).

13

SO ORDERED.


_____
Paul Barbadoro
United States District Judge

August 18, 1995

cc:  James W. Craig, Esq.
     Frank P. Spinella, Jr., Esq.
     Joseph W. Corwin, Esq.