## Richmond.

BURRUSS *v.* HINES.

March 18, 1897.

1. DAMAGES—*Measure of — Profits or expected gains.*—The general rule in awarding damages is to give compensation for the pecuniary loss—to make amends or reparation for injury inflicted. The plaintiff is entitled to recover all such damages as are the natural and proximate results of the wrongful act complained of. Ordinarily, a plaintiff will not be allowed to recover profits or expected gains, for they are generally merely conjectural, and too remote. But if it be shown that the loss of profits or gains was the natural and proximate result of the wrongful act, and their extent is also satisfactorily proved, they may be recovered.

2. DAMAGES—*Rent of house to be erected—Case at bar.*—When there has been an actual renting of a house to be erected, for a specific sum of money, and the owner has been deprived of the possession and use of his lot on which to build, the measure of the damage sustained by him, in the absence of evidence of any other loss, is the fair net rental value of the lot and building for the time he has been deprived thereof. In the case at bar the verdict was sustained which took as the measure of damages the rent agreed to be paid for the house and lot and deducted therefrom the taxes, insurance, and interest on the money borrowed to erect the house.

3. DAMAGES—*Parol evidence of contract not to be performed within a year— Section 2840 of Code.*—In an action to recover damages for depriving the owner of a lot of the possession thereof, parol evidence is admissible to show that the owner, who was about to erect a house on the lot, had rented the house to tenant for a specific sum, although the contract of renting was not to be performed within a year, and was not in writing. Section 2840 does not make void the contracts therein mentioned, but simply provides that no action shall be brought on them.

4. DAMAGES—*Exemplary—Compensatory—Honest mistake of fact.*—Exemplary damages are allowable only where there is misconduct and malice, or what is equivalent thereto. In the absence of fraud, malice, oppression, or other special aggravation, compensatory damages only are allowed. For a refusal to remove an obstruction upon the lands of another,

through a mistake of fact honestly entertained as to the duty to remove, compensatory damages only can be recovered.

5. DAMAGES—*Fees of counsel.*—As a general rule fees paid to counsel cannot be recovered as damages. If the injury complained of was not wanton or malicious, and exemplary damages are not recoverable, no greater counsel fee can be recovered against the defendant than that prescribed by law to be taxed in favor of the winning party.

, Error to a judgment of the Court of Law and Chancery .of the city of Norfolk, rendered April 5, 1895, in an action of trespass on the case wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Geo. McIntosh* and *D. Tucker Brooke*, for the plaintiff in' error.

*Harmanson, Heath & Heath*, for the defendant in error.

RIELY, J., delivered the opinion of the court.

The plaintiff and defendant were owners of adjoining lots in the city of Norfolk. Upon the lot of the defendant was a brick storage warehouse, while that of the plaintiff was unimproved. The plaintiff desiring to improve his lot also, had, prior to November 29, 1892, entered into a contract for the erection thereon of a double store and office building. It was to be ready for occupation by May 1, 1893, from which date the plaintiff had rented one-half of the building for the sum of one hundred dollars per month, and the other store for the sum of seventy-five dollars per month.

It was ascertained, shortly after commencing to erect the building, that the adjoining wall of the defendant's warehouse careened and overhung the lot of the plaintiff so that the erection of his building could not be further proceeded with. He promptly notified the defendant of this fact; informed him of the proposed erection of his building; and re-

quired him to draw in his wall to its proper bounds. This
was on November 29, 1892. The defendant refused to com-
ply with the plaintiff's demand. Thereupon the plaintiff ap-
plied to the court for a mandatory injunction to compel him
to do so. The defendant made the defence that the injury to
his wall was the result of the jarring and concussion caused
by the act of the plaintiff in "piling" his own lot for the
foundation of his proposed building. The court, at the hear-
ing of the cause, decided against the contention of the de-
fendant, awarded the injunction, and the defendant, after
some delay, took down his wall.

Subsequently, the plaintiff brought suit against the defend-
ant to recover damages for the loss he had sustained from the
failure of the defendant to straighten or remove his wall until
compelled by the court to do so, and recovered a verdict for
$3,200, upon which the court, after overruling the motion
for a new trial, entered judgment.

The record shows that the jury, in rendering their verdict,
which was afterwards put in proper form, itemized the dam-
age of the plaintiff as follows:

| "In matter of fee, | - | - | - | $500.00 |
| Net rental, | - | - | - | 1,700.00 |
| Damage, | - | - | - | 1,C00.00 |
| | | | | $3,200.00" |

The demurrer to the declaration, and the bills of exception
present for decision the following questions.

1. The right of the plaintiff to recover the value of the use
of his land and the building to be erected upon it for the
time he was deprived of their use.

2. Was the case one in which it was proper to award ex-
emplary damages?

3. Was the plaintiff entitled to recover the amount of the
fee incurred to his attorney in the injunction suit?

They will be considered in their order.

1. The general rule in awarding damages is to give compensation for pecuniary loss; that is, to put the plaintiff in the same position, so far as money can do it, as he would have been if the contract had been performed or the tort not committed (Sedgwick on Damages, 8th ed., sec. 30); or, as was suggested by Judge Joynes, in *Peshine* v. *Shepperson*, 17 Gratt. 485, it would be more appropriate to say that "the object of the law is to give amends or reparation."

The plaintiff is entitled to recover all such damages as are the natural and proximate results of the wrongful act complained of. 2 Greenleaf on Evidence, sec. 256; Sedgwick on Damages, sec. 122; and *Peshine* v. *Shepperson*, *supra*. The rule is well established and uniformly enunciated by the courts, but there is often difficulty in applying it to a particular case. The plaintiff must show not only that he has sustained damage, but also show with reasonable certainty the extent of it. And it must appear that such damage was the natural and proximate result of the injury.

A plaintiff will not ordinarily be allowed to give evidence of or to recover profits or expected gains, for it is generally conjectural whether there will be any profits or gains. The prohibition against the recovery of profits or gains, when not excluded as unnatural or remote, is due mainly to the inability to prove with reasonable certainty that the injury prevented the receipt of profits or gains, and their amount. But if it be shown that the loss of profits or gains was the natural and proximate result of the wrongful act, and their extent is also satisfactorily proved, they may be recovered. Sedgwick on Damages, secs. 174, 176, 177, and 184; 8 Wait's Actions and Defences, 210; *Griffin* v. *Colver*, 16 N. Y. 489; *Allison* v. *Chandler*, 11 Mich. 542; *Bolling* v. *Lersner*, 26 Gratt. 36; *Brigham* v. *Carlisle*, 78 Ala. 249; *Abbott* v. *Gatch*, 13 Md. 314; and *Chicago* v. *Heunerbein*, 85 Ill. 594.

In the case at bar, it was shown that the plaintiff had con-

tracted for the erection on his lot of the building referred to,
and had begun its erection, when it was ascertained that the
work could not be further prosecuted on account of the ob-
struction by the defendant's wall. The defendant was noti-
fied by the plaintiff of his purpose to erect the building; of
its plan and character; of the obstruction to its erection
caused by the condition of the adjoining wall of the defend-
ant's warehouse; and required to remedy the defect in his
wall or remove it. He was fully advised as to these material
facts. He contended, as has been already stated, that the
condition of his wall was the result of the act of the plaintiff,
and that he was not responsible for the obstruction. Resort
was had to the court to determine the controversy. It was
decided against the defendant. Owing to the litigation and
the delay in removing the obstructing wall, the plaintiff was
deprived of the use of his building for about sixteen months.

The measure of the damage sustained by the plaintiff, there
being no evidence of any other loss, was the value of the use
of his lot and building for the time he was deprived thereof,
that is, its fair net rental value.

A part of the building was leased in advance of its comple-
tion at the rate of $175 per month. It does not clearly ap-
pear from evidence that the renting was for any definite
period, though the argument here proceeded upon the ground
that it was for one year. At the rate of $175 per month,
the rent for sixteen months would have amounted to $2,800.
It was proved that the taxes would have been at the rate of,
$200, and the insurance at the rate of $100 *per annum.* It
was further proved that the plaintiff had to borrow the sum
of $8,800 to pay the contractors for erecting the building.
Deducting from the gross rent the proportion of the taxes, in-
surance, and interest on the money borrowed for the time the
plaintiff was deprived of the use of his building, to-wit, six-
teen months, and there would remain $1,696 as his loss,
which is substantially the amount ($1,700) allowed by the

jury as his actual damage. This sum was not speculative profits, but was based on an actual lease of the property at a fixed rent. Its loss was specially claimed in the declaration as an item of damage; was proved with the requisite certainty; and was the natural and proximate result of the conduct of the defendant and the injury complained of. The plaintiff was entitled to recover the amount of his actual loss; and the allowance by the jury of the sum of $1,700 as the value of the use of the land and building for the time he was prevented from erecting the building and thereby deprived of the use of his property, which was clearly shown to be its net rental value, there being no evidence to the contrary, was not excessive, but, according to the testimony, substantially just and right. 1 Sedgwick on Damages, sec. 184; *Covode* v. *Principaal*, 68 N. W. 987 (Mich.); *Manufacturing Company* v. *Pinch*, 91 Mich. 156; and *Ruff* v. *Rinaldo*, 55 N. Y. 664.

The case before us is clearly distinguishable from that of *Bingham* v. *Walla Walla*, 13 Pacific R. 408, upon which counsel for the plaintiff in error much relied. In this case there was an *actual renting* of the property for *specific sums* of money, while in that case there was no evidence upon which to base the rental value of the building which the owner of the lot was prevented from erecting. So far as can be gathered from the report of that case, the contemplated building was never erected; no contracts to lease it, when completed, were ever made; and it was wholly conjectural whether there would be any rent or not.

On the trial the defendant objected to the introduction of testimony in regard to the contracts made by the plaintiff to rent his building, because they were not to be performed within a year, and were not in writing. The objection was untenable. Oral testimony as to the rental value was clearly admissible, and actual contracts of renting, though not in writing, were the best evidence of the rental value. The

statute (sec. 2840 of the Code) does not make void the contracts therein mentioned, but simply provides that no action shall be brought upon them. It does not render testimony in regard to them inadmissible for such a purpose as it was admitted for in this case.

2. Exemplary damages are allowable only where there is misconduct and malice, or what is equivalent thereto. Where the injury complained of is free from fraud, malice, oppression, or other special aggravation, compensatory damages only are allowed. *N. & W. R. R. Co.* v. *Neely*, 91 Va. 539; 8 Wait's Actions and Defenses, 208; Sedgwick on Damages, sec. 383; and *Peshine* v. *Shepperson, supra*.

"A tort committed by mistake, in the assertion of a supposed right, or without any actual wrong intention, and without such recklessness or negligence as evinces malice or conscious disregard of the rights of others, will not warrant the giving of damages for punishment, where the doctrine of such damages prevails." Sutherland on Damages, mar. p. 724. See also 8 Wait's Actions and Defenses, 208; Sedgwick on Damages, sec. 383; Wood's Mayne on Damages, sec. 47; 26 Amer. and Eng. Enc. of Law, 674; *N. & W. R. R. Co.* v. *Neely, supra; Allison* v. *Chandler*, 11 Mich. 542; *Curtis* v. *Hoyt*, 19 Conn. 154; *St. Peter's Church* v. *Beach*, 26 Conn. 355; *Walker* v. *Borland*, 21 Mo. 289; and *Wilkinson* v. *Searcy*, 76 Ala. 176.

The refusal of the defendant to remove voluntarily the obstruction to the erection of the plaintiff's building was due to a mistake of fact on his part—that the bad condition of his wall was caused by the act of the plaintiff, and that he was consequently not responsible for it or under any obligation to the plaintiff to restore it to its proper condition; and, so far as the record discloses, he appears to have been honest in this belief. There was considerable and perhaps unnecessary delay in the removal of the obstructing wall, after the court awarded the injunction commanding him to do so, but this

was doubtless due, in part at least, to the effort to devise some means of remedying the wall without causing great injury to his own building, and incurring the heavy expense and serious loss of having to take it down entirely. There was no ground for giving exemplary damages, and the jury erred in so finding.

3. The general rule is that counsel fees are not recoverable as damages; but on the trial of an action for malicious prosecution or false imprisonment, where exemplary damages are recoverable, the fees paid or incurred to counsel for defending the original suit or proceeding may be proved, and, if reasonable and necessarily incurred, may be taken into consideration by the jury in the assessment of damages. 2 Greenleaf on Ev. 456; *Parsons* v. *Harper*, 16 Gratt. 64; *Marshall* v. *Betner*, 17 Ala. 832; *Lawerence* v. *Hagerman*, 56 Ill. 68; *Ziegler* v. *Powell*, 54 Ind. 173; *Closson* v. *Staples*, 42 Vt. 209; *Eastin* v. *Bank of Stockton*, 66 Cal. 123; *Magmer* v. *Renk*, 65 Wis. 364; and *Gregory* v. *Chambers*, 78 Mo. 294.

But if the injury was not wanton or malicious, and exemplary damages are not recoverable, the allowance of counsel fees is improper. *St. Peter's Church* v. *Beach*, *supra;* *Henry* v. *Davis*, 123 Mass. 345; *Warren* v. *Cole*, 15 Mich. 265; *Young* v. *Courtney*, 13 La. Ann. 193; *Flanders* v. *Tweed*, 15 Wall. 450; *Oelrichs* v. *Spain*, Id. 210; *Day* v. *Woodworth*, 13 How. 363; and *Conrad* v. *Ins. Co.*, 6 Pet. 262.

Where parties in good faith differ as to their rights, and resort to law to settle their differences, the law has prescribed what costs shall be taxed, and what shall be therein included as the fee of the winning party. In such case, no greater fee should be allowed to be proved or recovered. The litigants should be placed on equality. If the defendant is successful, it is very clear that he cannot recover from the plaintiff in addition to the taxable costs the fee paid by him to his attor-

Opinion.

ney; nor should the plaintiff, if successful, recover from the defendant the fee he may have paid or incurred to his attorney. The record shows no such circumstances of wantonness or outrage as entitles the plaintiff to exemplary damages, and the jury erred in including in their verdict, as part of the damages of the plaintiff, the fee of his attorney in the injunction suit.

Applying the foregoing principles to the case at bar, we are of opinion that there was no error to the prejudice of the defendant in the rulings of the court upon the demurrer to the declaration. The grounds assigned in support of the demurrer were more properly matters for instructions after the introduction of the testimony. The judgment of the lower court must, however, for the errors referred to, be reversed, and a new trial awarded. And, without referring specifically to the instructions given and refused on the last trial, the court is directed, if the testimony on the new trial be the same, or substantially the same, as on the former trial, and instructions be asked for. to instruct the jury in accordance with the views expressed in this opinion.

*Reversed.*