513 P.2d 737 (1973)
KEY SAVINGS AND LOAN ASSOCIATION, a Colorado corporation, Plaintiff-Appellee,
v.
The TRAVELERS INDEMNITY COMPANY, a Connecticut corporation, Defendant and Third-Party Plaintiff-Appellant,
v.
Robert F. and Janet M. LINSTEDT, Third-Party Defendants.
No. 72-009.
Colorado Court of Appeals, Div. II.
June 26, 1973.
Rehearing Denied July 24, 1973.
*738 Simon, Eason, Hoyt & Malone, P.C., Richard H. Simon, Englewood, for plaintiff-appellee.
Wood, Ris & Hames, Eugene S. Hames, Denver, for defendant and third-party plaintiff-appellant.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Key Savings and Loan Association (Key) brought this action against Travelers Indemnity Company (Travelers) to recover on a bond issued by Travelers, on which Key was obligee. After a trial to the court, judgment was entered against Travelers for $53,160 plus $5,000 attorney fees and costs. Travelers appeals from that judgment. We affirm. (Travelers obtained judgment for a like amount over against third-party defendants whom it had joined in the action. That judgment was not appealed.)
The record discloses that on January 10, 1964, Key agreed to finance the construction of a motel in Evans, Colorado. Key was to advance up to $810,000, pursuant to a construction and permanent loan agreement which was evidenced by a promissory note secured by a deed of trust on the property. On June 3, 1964, L. M. Carney filed a mechanic's lien statement in the amount of $36,000 against the property covered by the trust deed. Thereupon, Key refused to make any further disbursements from the loan account until the borrower either disposed of the lien or adequately protected Key against any loss or damage caused by the filing of the lien. Key accepted as adequate protection, a bond issued by Travelers which provided:
". . . . THE CONDITION OF THIS OBLIGATION IS SUCH, That if the Principal [borrower] and Surety [Travelers] shall indemnify and hold harmless the Obligee [Key] from any loss or damage that may be occasioned by any enforcement or attempted enforcement of the aforesaid [Carney] lien, then this obligation shall be null and void, otherwise to be and remain in full force and effect."
The face amount of the bond was $38,160. Thereafter, Key made full disbursements of the loan funds.
In July 1964, Carney commenced an action to foreclose his lien joining Key and the other necessary parties as defendants. Key made timely demand on Travelers to protect Key under the terms of the bond. On October 25, 1967, judgment was entered sustaining Carney's lien against the property in the amount of $36,000, plus interest. Key appealed the judgment, and on *739 December 1, 1970, this court affirmed the judgment with certain modifications not material here. The Supreme Court denied certiorari, and on April 9, 1971, Carney moved for execution of his judgment. The present action was filed April 21, 1971, and in order to forestall foreclosure sale pending its outcome, the trial court required Key to deposit cash in the registry of the court to cover the amount due on the judgment.
While the Carney suit was pending, the following pertinent events occurred. The borrower defaulted on the note and Key brought suit to foreclose its deed of trust. This action was dismissed without prejudice when a third party cured the default and acquired title to the property subject to Key's deed of trust and the Carney lien. Later Key made an additional loan to the new owner, secured by a second deed of trust. The new owner defaulted and Key took title to the property by special warranty deed in lieu of foreclosure of its lien. On December 13, 1968, Key sold the property by warranty deed without excepting the Carney lien. In order to obtain a title policy insuring fee title, Key executed an agreement with the title insurance company indemnifying it against the Carney lien. When Key acquired title to the property, approximately $940,000 was due on its loans. Key sold the property for $850,000.
Travelers, in its answer in the present action, denied that there was any loss under the bond and affirmatively alleged that the loss sustained by Key resulted from failure of the borrower to pay the note. Travelers also alleged that Key had substantially changed its legal relationship to the property and had undertaken contractual obligations not within the contemplation of the parties when the bond was executed. Travelers asserts the same claims here. These claims are based on Travelers' theory that the bond was additional security for payment of the note, at least to the extent of the amount of the bond; that by the acceptance of title to the property in lieu of foreclosure, and the subsequent sale free and clear of the deeds of trust, the notes were paid in full; and that therefore Key suffered no loss by reason of the Carney lien. Travelers also asserts that the trial court erred in entering judgment in excess of the obligation of the bond, and in the awarding of attorney fees. The defenses relied on by Travelers are not valid.

I
The trial court found that at all times Travelers was kept advised of all the court proceedings and of all the steps taken by Key to protect its interest in the property; that Key was acting in reliance on the indemnification of the bond; and that Key proceeded either with Travelers' participation or consent. These findings are all supported by the evidence and will not be disturbed. Linley v. Hanson, 173 Colo. 239, 477 P.2d 453.
The bond expressly indemnified Key from loss or damage occasioned by the enforcement or attempted enforcement of the Carney lien. Although the borrower defaulted on its note, thus forcing Key to take action to protect its security interest under the deed of trust, such fact did not alter the obligation of the bond. The procedures taken by Key were known to Travelers and not objected to at any time. Key does not seek recovery from Travelers for losses incurred as a result of default on the note but only for the additional loss arising from the enforcement of the Carney lien.
Throughout its dealings with the property Key's position was secondary to that of Carney, and Key was required to indemnify the ultimate buyer from enforcement of the lien in order to deliver clear title. This it did in reliance on bond, as it had the right to do. Travelers' liability under the bond attached when judgment was entered in the trial court establishing the validity of the Carney lien, and became fixed when the judgment was affirmed on appeal. Since Key was ultimately required to pay the Carney lien, all of its actions *740 taken in its attempt to protect its interest and obtain full repayment of the funds expended by it become immaterial as to Travelers' obligation under the bond. Key suffered the very loss and damage for which it was indemnified under the bond and Travelers was properly held liable thereunder.

II
At the close of trial, Key was awarded judgment against Travelers in the amount of the unsatisfied Carney judgment, which with accrued interest totalled $53,160. Travelers contends that its liability is limited to the face amount of the bond ($38,160) and that award of statutory interest in excess of that amount was error.
The right to recover interest in actions on bonds is set forth in the statutes. C.R.S.1963, 73-1-2, provides:
"Creditors shall be allowed to receive interest . . . at the rate of six percent per annum, for all moneys after they become due, on any . . . bond. . . ." (Emphasis added)
Here, Key sustained a loss within the meaning of the bond on the date of the Carney judgment, October 25, 1967. Key was entitled to receive the amount due it from Travelers under the bond on that date. The fact that the Carney judgment was not satisfied, in due course, and that, as a consequence, the amount of that judgment together with accrued interest now exceeds the penalty of the bond does not preclude the collection of principal and interest. Massachusetts Bonding & Ins. Co. v. State, 141 Colo. 259, 347 P.2d 507; McPhee v. United States, 64 Colo. 421, 174 P. 808.

III
Travelers asserts error in the award of $5000 attorney fees to Key. This sum includes fees for the prosecution of the present action as well as fees related to the action brought by Carney. In awarding the fees the trial court relied on National Union Fire Ins. Co. v. Denver Brick & Pipe Co., 162 Colo. 519, 427 P.2d 861. However the fees awarded in that case to the obligee of the bond were fees incurred in defending an action to foreclose mechanics' liens which the bonding company was obligated to pay under its bond. The present action involves a dispute between two contracting parties over the obligations imposed by the contract. The attorney fees for the prosecution of such a suit are not recoverable. This was so held in Denver Building & Construction Trades Council v. Shore, 132 Colo. 187, 287 P.2d 267, which states:
"It has been the policy of the law in this jurisdiction that, in the absence of contract or appropriate valid statutory enactment, attorneys' fees are not recoverable by way of damages, are not allowable as part of the cost of litigation for which recovery may be had by the successful litigant, but are a burden upon the employer of counsel as his contribution of the general over-all cost of the litigation. . . ."
The bond does not provide for attorney fees. However the attorney fees expended by Key relative to the suit brought by Carney and his efforts to enforce his lien and judgment do constitute damages within the purview of the bond and National Union, supra. The award of attorney fees must be modified to exclude therefrom all fees relative to the prosecution of the within action.
We have reviewed the other allegations of error raised by Travelers and find them to be without merit.
The judgment is affirmed in all respects except the award of attorney fees. The judgment awarding attorney fees is reversed and the cause remanded for further proceedings to determine the amount of attorney fees, in conformity with the views expressed herein.
ENOCH and PIERCE, JJ., concur.