he mistakenly believed that plaintiff needed to prove special damages. However, as stated in *McKown v. McDonnell* (1961); 31 Ill.App.2d 190, 175 N.E.2d 534 (abstract opinion):

> "This court, as a reviewing court, is not bound by the precise reasons given by the trial court in entering summary judgment. *National Gas & Oil Co. v. Rizer*, 20 Ill.App.2d 332, 336. The whole record must be considered. *Gliwa v. Washington Polish Loan and Building Ass'n.*, 310 Ill.App. 465, 471."

■■ In the case at bar, plaintiff has offered absolutely no evidence supporting the contention that ABC falsely and maliciously published words defamatory towards plaintiff. There is no triable issue of fact on the above point, and it is therefore our decision that the trial court properly entered summary judgment in favor of defendant ABC.

For the reasons stated above, the trial court's order granting summary judgment in favor of defendants ABC and Woods will be affirmed as to defendant ABC and reversed as to defendant Woods. As to defendant Woods, the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Order affirmed in part, reversed in part, and the cause is remanded.

DEMPSEY and MEJDA, JJ., concur.

AMERICAN EMPLOYERS' INSURANCE COMPANY, Plaintiff and Counterdefendant-Appellee, *v.* ALBERT HOPP, Defendant and Counterplaintiff-Appellant.

(No. 60426;

First District (5th Division)—July 25, 1975.

· PER CURIAM.

Asher, Greenfield, Gubbins and Segall, Ltd., of Chicago (Irving D. Levin, of counsel), for appellant.

Roger C. Goble and Dent, Hampton & McNella, both of Chicago, for appellee.

*In re* BETH ANN EINBINDER, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* DEBORAH TARADASH, Respondent-Appellant.)

(No. 60726; ▮▮▮▮▮▮▮▮

First District (5th Division)—July 25, 1975.