## CIRCUIT COURT OF FAIRFAX COUNTY

R. L. Moore, Inc.,
t/a Moore Associates, Inc.

v.

Rodney A. Shawn

February 8, 1991

Case No. (Law) 098616

By JUDGE RICHARD J. JAMBORSKY

The matter is before the Court on the motion of R. L. Moore, Inc. (plaintiff) for summary judgment. Rodney A. Shawn (defendant) entered an objection to the plaintiff's motion. The Court took the matter under advisement and now holds that the plaintiff has failed to state a cause of action for attorney's fees.

The plaintiff contends that he is entitled to recover $3,703.53 in attorneys' fees from the defendant which were incurred in recovering the face value of the check. In the motion for judgment, the plaintiff alleges that "[the corporation] paid counsel three thousand seven hundred three dollars and fifty-three cents ($3,703.53) for his services."

The plaintiff alleges a cause of action for fraud and conversion. "'The fraud is a tort. Its usual consequence is that, as between the parties, the one who is defrauded has a right, if possible, to be restored to his former position'." *Jefferson Standard Life Ins. Co. v. Hedrick*, 181 Va. 824, 833, 27 S.E.2d 198, 202 (1943) (quoting *National Bank & Loan Co. v. Petrie*, 189 U.S. 423 (1903)). "[T]he measure of damages for the conversion of commercial paper is prima facie the face value of the converted instrument." *American Natl. Bank of Portsmouth v. Ames*,

169 Va. 711, 746, 194 S.E. 784, 796 (1938), *cert. denied*, 304 U.S. 577 (1938).

The plaintiff relies on two cases to establish the right to recover attorneys' fees. *See, Ranger Constr. Co. v. Prince William County School Board*, 605 F.2d 1298 (4th Cir. 1979); *Owen v. Shelton*, 221 Va. 1051, 277 S.E.2d 189 (1981). The plaintiff's reliance is misplaced. In *Ranger Constr. Co. v. Prince William County School Board*, the United States Court of Appeals for the Fourth Circuit noted that:

> [i]t is the settled law of Virginia that, "in the absence of any contractual or statutory liability therefor, attorneys' fees and expenses incurred by the plaintiff in the litigation of his claim against the defendant, aside from the usual taxed court costs, are not recoverable as an item of damages in actions *ex contractu*."

605 F.2d at 1301 (quoting *Hiss v. Friedberg*, 201 Va. 572, 577, 112 S.E.2d 871, 875 (1960)). The court of appeals held that the school board was not entitled to attorneys' fees in establishing its breach of contract claim against Ranger Construction Company. *Id*. at 1302. However, the school board was entitled to the "recovery of attorneys' fees incurred by it in negotiating and drafting new contracts with third parties who were to complete the contract . . . ." *Id*. at 1305. In *Owen v. Shelton*, the Owens incurred substantial legal fees in defending a lawsuit against a third party. 221 Va. at 1056, 277 S.E.2d at 192. The Owens subsequently sought recovery of those legal fees in a breach of contract suit against Mr. Shelton. The Virginia Supreme Court echoed the holding of the United States Court of Appeals for the Fourth Circuit and noted an exception when it wrote that:

> [a]bsent a contractual commitment, a successful litigant in an action *ex contractu* is not entitled to recover attorneys' fees incurred in *that* action . . . . But, we have held that "where a breach of contract has forced the plaintiff to maintain or defend a suit with a third person, he may recover the counsel fees incurred by

him in the former suit provided they are reasonable in amount and reasonably incurred."

*Id.*, 221 Va. at 1055-56, 277 S.E.2d at 192 (quoting *Hiss v. Friedberg*, 201 Va. 572, 577, 112 S.E.2d 871, 876 (1960)).

In the case at hand, the plaintiff has offered no analysis as to the application of these cases. First, the plaintiff does not contend that the defendant has breached a contractual obligation. Indeed, no allegation exists in the motion for judgment that there was a contract between the parties. The plaintiff's causes of action sound in tort. Second, the plaintiff does not allege that the defendant's actions necessitated ringing or defending a lawsuit against A. S. McGaughan Company. The Court has not found any authority in these two cases which sanction the award of the attorneys' fees.

In Virginia, the general rule is that attorneys' fees are not recoverable generally as an item of damages in tort or in the absence of statutory liability. In *Kemp v. Miller*, the Virginia Supreme Court stated the rationale behind the general rule:

> There is no fixed standard by which the *honorarium* can be measured. Some counsel demand much more than others. Some clients are willing to pay more than others. More counsel may be employed than are necessary. When both client and counsel know that the fees are to be paid by the other party, there is the danger of abuse. A reference to a master, or an issue to a jury, might be necessary to ascertain the proper amount, and this grafted litigation might possibly be more animated and protracted than the original cause. It would be an office of some delicacy, on the part of the court, to scale down the charges, as might sometimes be necessary. We think the principle of disallowance rests on a solid foundation, and that the opposite rule is forbidden by the analogies of the law and sound public policy.

166 Va. 661, 680-81, 188 S.E.2d 99, 106 (1936) (quoting *Oelrichs v. Spain*, 82 U.S. (15 Wall.) 211, 231, 21 L. Ed.

43, 45 (1872)). The cases which have propounded upon this rule and the exceptions are far from clear. In *Bolton v. Vellines*, the Virginia Supreme Court upheld the trial court's instruction on the damages for false imprisonment. "[T]he damages awarded must be compensatory for the loss of time, for the suffering, bodily and mental, sustained by reason of such wrongful act or acts, and for expenses incurred in procuring discharge from restraint, *including a reasonable attorneys' fee*." 94 Va. 393, 404, 26, S.E. 847, 850 (1897) (emphasis added). *See also, S. H. Kress & Co. v. Roberts*, 143 Va. 71, 75-76, 129 S.E. 244, 246 (1925) (false imprisonment). In *Burruss v. Hines*, the Virginia Supreme Court stated that:

> [t]he general rule is that counsel fees are not recoverable as damages; but on the trial of an action for malicious prosecution or false imprisonment, where exemplary damages are recoverable, the fees paid or incurred to counsel for defending the original suit or proceeding may be proved, and, if reasonable and necessarily incurred, may be taken into consideration by the jury in the assessment of damages.
>
> But if the injury was not wanton or malicious, and exemplary damages are not recoverable, the allowance of counsel fees is improper.

94 Va. 413, 420, 26 S.E. 875, 878 (1897). These three cases are indistinguishable. In *Sperry Rand Corp. v. A-T-O, Inc.*, the United States Court of Appeals for the Fourth Circuit clarified this apparent inconsistency.

> Aside from the "fund" theory cases, Virginia apparently allows counsel fees only when incurred in obtaining release from false imprisonment or in defending against a malicious prosecution, and even then only if it is shown that the tort was committed wantonly or maliciously.

447 F.2d 1387, 1394 (4th Cir. 1971) (citing *Kemp v. Miller*, 166 Va. 661, 680, 186 S.E. 99, 106 (1936) (dictum)); *Burruss v. Hines*, 94 Va. 413, 420, 26 S.E. 875, 878 (1897); *Bolton v. Vellines*, 94 Va. 393, 404, 26 S.E. 847, 850 (1897).

The Court feels strongly that to allow the plaintiff the potential to recover attorneys' fees would take the first step toward obliterating the general rule. First, the plaintiff has failed to put forth an exception to the general rule which allows for the recovery of attorneys' fees. Additionally, the Court characterizes the $3,703.53 as legal fees expended in collecting the face value of the check. If the defendant failed to pay the plaintiff the $3,703.53 upon demand the plaintiff cannot surely contend that he would be entitled to recover those attorneys' fees in an action to recover the face value of the check. In essence, the plaintiff's cause of action attempts to circumvent the general rule.

Second, the policy concern expressed by the Virginia Supreme Court in *Kemp v. Miller* is readily apparent in this case. The plaintiff recovered the face value of the check from the defendant without any litigation. In the case at hand, the plaintiff will have to prove not only one of the underlying causes of action but also whether the attorneys' fees were reasonable in amount and reasonably incurred. *Ranger Construction Co. v. Prince William County School Board*, 605 F.2d at 1301. This is exactly the type of protracted litigation the general rule seeks to avoid.

For the foregoing reasons, the Court finds that the relief sought by the plaintiff cannot be granted, and therefore, the case is dismissed.