# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Kevin L. Smith

v.

James M. Fleming
and Estelle Fleming

Case No. (Equity) 00-153

James M. Fleming
and Estelle Fleming

v.

Kevin L. Smith

Case No. (Equity) 00-224

June 14, 2001

BY JUDGE EDWARD L. HOGSHIRE

These suits arose from the breach of a real estate contract. Counsel for James and Estelle Fleming ("Defendants") drafted a Final Decree purportedly ending the matter which this Court entered on March 9, 2001. Kevin Smith ("Plaintiff") filed a Motion to Amend the decree to include an award of his attorney's fees. In response, Defendants duplicated the motion for their own attorney's fees. For the following reasons, based on the briefs submitted to the Court, a reading of the statute in question and a review of authority, the motions are denied.

*Statement of Facts*

In 1982, Defendants conveyed certain property to Plaintiff. The transfer was memorialized in a contract which made no provision for attorney's fees in the event of its breach. Having discovered a defect in title, Plaintiff filed suit in this Court to partition the property. Defendants then filed their own action and the two suits were joined into this proceeding. Title to the property was quieted through the doctrine of adverse possession. At the request of this Court, Defendants drafted a Final Decree reflecting Plaintiff's fee simple absolute interest in the property.

Plaintiff filed a Motion to Amend the decree because an award of his attorney's fees was not included therein. Defendants cross-motioned for their own attorney's fees. An Order staying the decree was entered and arguments were heard on the motions March 20, 2001. After taking the matters under advisement, this opinion considers both motions.

*Analysis*

A. *Plaintiff's Motion for Attorney's Fees*

Plaintiff's Motion for Attorney's Fees rests on an exception to the English rule that each party pays his own attorney's fees in contract disputes. In 1897, the Commonwealth adopted this policy of barring such recovery unless the contract expressly provides otherwise. *Burruss v. Hines*, 94 Va. 413 (1897). Plaintiff cites an exception to this rule that "where a breach of contract has forced the plaintiff to maintain or defend a suit with a third person, he may recover the counsel fees incurred by him. . . ." *Hiss v. Friedberg*, 201 Va. 572 (1960) (citing *Corbin on Contracts*, vol. 5, § 1037; *Sedgwick on Damages*, 9th ed., vol. 1, § 240; Restatement of the Law, Contracts, vol. 1, § 334; Am. Jur., *Damages*, § 144). In support of the exception, Plaintiff cites additional cases wherein this modification was approved and followed, *Owen v. Shelton*, 221 Va. 1051 (1981), and *Prospect Devel. Co. v. Bershader*, 258 Va. 75 (1999).

The Court is more than satisfied that such an exception exists. However, Plaintiff fails to establish how this exception applies to the facts at hand. The movants in *Hiss*, *Owen*, and *Prospect* were each awarded attorney's fees because a breach of contract forced them to maintain or defend a suit with a *third person*. There is no third person in the instant case; Plaintiff sued and was sued by Defendants. Consequentially, the exception does not apply. Without basis for an award of attorney's fees, the Motion is denied.

### B. *Defendants' Motion for Attorney's Fees*

In support of their motion for attorney's fees, Defendants assert that they are entitled to such an award pursuant to Virginia Code § 8.01-271.1. This statute reads in pertinent part:

> The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . .
>
> If a pleading, motion, or other paper is signed or made in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

The Defendants urge that the action against them is neither well grounded in fact nor warranted by existing law. Essentially, Defendants urge that the instant lawsuits should be considered frivolous; litigation could have been avoided by Plaintiff's simply bringing an action to quiet title.

While this Court agrees that Defendants did not choose the path of least resistance, none of Plaintiff's documents violate Virginia Code § 8.01-271.1. Each submitted document was formed after reasonable inquiry, well grounded in fact, and warranted by existing law or represented a good faith argument for a change in the law. Therefore, the Motion for Attorney's Fees is denied.

### Conclusion

Based on the foregoing, the Court denies Plaintiff's Motion for Attorney's Fees and Defendant's Motion for Attorney's Fees. These Motions being disposed, the stay on the Final Decree is lifted and the matter is closed.